FILED

NOT FOR PUBLICATION

OCT 22 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50536 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00319-RT-1 |
| v. | |
| JONATHAN ALFREDO MERLOS, AKA Jonathan Alfredo Merlos Galiano, AKA Jonathan Merlos, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior District Judge, Presiding

Submitted October 20, 2015**
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Jonathan Alfredo Merlos appeals the district court's order precluding evidence and argument in support of a necessity defense, and denying his related jury instructions. We have appellate jurisdiction under 28 U.S.C. § 1291.

The district court did not err when it concluded that Merlos's proffer was insufficient to establish that a reasonable juror could conclude he had no available legal alternatives to violating 8 U.S.C. § 1326(a), because Merlos "failed to avail himself of a viable legal alternative, namely petitioning the Attorney General for reentry." *United States v. Arellano-Rivera*, 244 F.3d 1119, 1126 (9th Cir. 2001). Merlos did not petition the Attorney General for humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) when he was in Mexico, or at the border when he illegally crossed into the United States, or during the thirty-three months he lived in the country. Merlos's speculation that the Attorney General would deny humanitarian parole "in no way negate[s] the application process as a viable legal alternative." *Arellano-Rivera*, 244 F.3d at 1126 (alterations in original) (internal quotations omitted). Nor is there any evidence that a petition for humanitarian parole would have been futile, given the change in Merlos's circumstances since the denial of his 2003 petition for withholding of removal, and given the difference in the eligibility criteria between humanitarian parole and withholding. *Compare* 8 U.S.C. § 1182(d)(5)(A) *with* 8 U.S.C. § 1231(b)(3)(A). Therefore, the district court

properly precluded him from presenting his necessity defense. *Arellano-Rivera*, 244 F.3d at 1126.

**AFFIRMED**.